UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PETER GAKUBA,

                            Plaintiff,

          v.                                    1:24-CV-1043
                                                    (GTS/DJS)

LETITIA JAMES, *et al.*,

                            Defendants.
_____

**APPEARANCES:**

PETER GAKUBA
Plaintiff, *Pro Se*
Baltimore, Maryland 21201

# REPORT-RECOMMENDATION and ORDER[1]

      The Clerk has forwarded for review a civil complaint filed by Plaintiff. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee but has submitted an application to proceed *in forma pauperis*, Dkt. No. 2, which the Court has granted. Also pending is a request to supplement the Complaint, Dkt. No. 8, which in light of Plaintiff's *pro se* status, the Court grants.

---

[1] This matter was referred to the undersigned pursuant to L.R. 72.3(d).

- 1 -

# I. SUFFICIENCY OF THE COMPLAINT

## A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2]  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*.  *See id.*

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, see *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."

---

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## II. DISCUSSION

On June 29, 2015, Petitioner Peter Gakuba was convicted, pursuant a jury verdict in the Circuit Court for the Seventeenth Judicial Circuit, Winnebago County, Illinois, of three counts of aggravated sexual abuse. He was sentenced to a total prison term of 12 years' incarceration. His conviction was affirmed on appeal, *People v. Gakuba*, 2017 IL App (2d) 150744-U, and the Illinois

Supreme Court denied leave to appeal, *People v. Gakuba*, No. 122289, 2017 WL 4386407 (Ill. Sept. 27, 2017).

*Gakuba v. Doe*, 2022 WL 561669, at *1 (S.D.N.Y. Feb. 22, 2022).  This case is another in a series of cases litigated nationwide by Plaintiff seeking to, in some way, challenge that conviction.  *See*, *e.g.*, *Gakuba v. D.C. Att'y Gen.*, 2023 WL 3274310, at *2 (D.D.C. May 1, 2023); *Gakuba v. Hollywood Video, Inc., et al.*, 2015 WL 5737589 (D. Or. Sept. 30, 2015); *Gakuba v. Hollywood Video, LLC., et al*, 2015 WL 1537781 (E.D. Cal. Apr. 6, 2015).  Broadly stated, the Complaint alleges that law enforcement officials improperly obtained driver and video rental information about Plaintiff as part of the investigation into the alleged criminal conduct that gave rise to his conviction.  *See generally* Compl. at ¶¶ 1-3.  Much of the Complaint, however, contains legal arguments about the unjustness of his conviction and in support of his arguments that this information was improperly obtained, rather than factual allegations specifically outlining exactly what is alleged to have occurred and how the three named Defendants were involved.

For the reasons set forth below, the Complaint should be dismissed.

## A. Personal Jurisdiction

The Complaint asserts claims against the Attorney General of the United States and the Attorney General of Illinois.  Comp. at ¶¶ 64 & 66.  It fails, however, to establish how this Court has jurisdiction over either.

It is clearly established that "the exercise of personal jurisdiction over a defendant is informed and limited by the U.S. Constitution's guarantee of due process." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 625 (2d Cir. 2016); *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 169 (2d Cir. 2010). The Supreme Court's decisions in this area "have differentiated between general or all-purpose jurisdiction, and specific or case-linked jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, nn. 8 & 9 (1984)).

*1. General Jurisdiction*

"General, all-purpose jurisdiction permits a court to hear any and all claims against an entity." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 134 (2d Cir. 2014) (internal quotations omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. at 924. Neither Garland nor Raoul is alleged to be domiciled in New York. "For a New York court to exercise general jurisdiction over a nonresident defendant, that defendant must be engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." *Beskrone v. Berlin*, 656 F. Supp. 3d 496, 508 (S.D.N.Y. 2023) (internal quotations and citations omitted). Nothing in the Complaint offers any basis for finding that either of these

Defendants has availed themselves of New York in such a regular and systematic manner as to subject them to this Court's general jurisdiction.

*B. Specific Jurisdiction*

"Specific jurisdiction over a nonresident defendant satisfies due process when: (1) the defendant has purposefully availed itself of the privilege of conducting activities within the forum State; (2) the claim at issue arises out of or relates to the defendant's forum conduct; and (3) the exercise of jurisdiction is reasonable under the circumstances." *In re Welspun Litig.*, 2019 WL 2174089, at *10 (S.D.N.Y. May 20, 2019) (internal quotations omitted) (citing cases); *see also U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 150 (2d Cir. 2019). "Or put just a bit differently, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359-60 (2021) (internal quotations, alterations, and citations omitted). Here, too, Plaintiff's allegations offer no basis for finding that this Court has specific jurisdiction over these Defendants. The events underlying this case took place in Illinois during the course of a criminal investigation there. The Complaint offers no basis for finding that either Attorney General Garland or Attorney General Raoul is subject to this Court's jurisdiction regarding those events.

### B. Driver's Privacy Protection Act

Plaintiff's first cause of action is under the Driver's Privacy Protection Act. Compl. at ¶¶ 163-166. That statute does provide a cause of action against "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains." 18 U.S.C. § 2724(a).

> In a straightforward fashion, section 2724(a) sets forth three elements giving rise to liability, i.e., that a defendant (1) knowingly obtained, disclosed or used personal information, (2) from a motor vehicle record, (3) for a purpose not permitted. The plain meaning of the third factor is that it is only satisfied if shown that obtainment, disclosure, or use was not for a purpose enumerated under § 2721(b).

*Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A.*, 525 F.3d 1107, 1111 (11th Cir. 2008). Specifically included in the list of permissible uses is "use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions." 42 U.S.C. § 2721(b)(1). Plaintiff's own allegation is that law enforcement used his protected personal information as part of their investigation of his conduct. Compl. at ¶ 3. While the Court understands Plaintiff to allege that he had not engaged in any criminal activity, his own pleadings at this stage indicate that the alleged use of his personal information was by law enforcement personnel conducting a criminal investigation which is clearly a permissible use. As a

result Plaintiff has expressly failed to allege a violation of the statute. This claim, therefore, should be dismissed, though with leave to amend to permit Plaintiff to set forth how he alleges the activity violated the statute.

### C. Video Privacy Protection Act

Plaintiff next alleges that Defendants violated his rights under the Video Privacy Protection Act by improperly using his New York driver information to obtain video rental records. Compl. at ¶¶ 167-171.

The Video Privacy Protection Act provides a cause of action against "[a] video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider." 18 U.S.C.A. § 2710(b)(1). The statute does provide certain exceptions. 18 U.S.C.A. § 2710(b)(2). As relevant here, however, the Court notes that the right of action provided by the statute requires Plaintiff to "allege that . . . a defendant is a video tape service provider." *Addi v. Int'l Bus. Machines, Inc.*, 2024 WL 2802863, at *3 (S.D.N.Y. May 31, 2024) (internal quotations omitted). Plaintiff has not done so either as to any of the individually named Defendants, nor could he credibly do so. This claim, therefore, should be dismissed

### D. Constitutional Claims

*1. Personal Involvement*

Any claim under section 1983 requires that the plaintiff allege and establish the personal involvement of the defendants. *Kravitz v. Purcell*, 87 F.4th 111, 129 (2d Cir.

- 8 -

2023).  Similar to a claim under section 1983 any claim asserted against a federal official under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) requires a showing of personal involvement.  *Sash v. United States*, 674 F. Supp. 2d 531, 542 (S.D.N.Y. 2009).[3]  To establish this personal involvement, a plaintiff cannot simply assert that an individual was a person in a supervisory capacity over others and is liable because of the actions of those officials, instead a Plaintiff "must establish a deliberate, intentional act on the part of the defendant to violate the plaintiff's legal rights."  *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).

In each of Plaintiff's constitutional claims, he contends that Defendants are liable because they "participated in real-time (or failed to intervene post-hoc)" in the purported illegal conduct of the criminal investigation involving him.  Compl. at ¶¶ 164, 168. 174, 181, 187, & 194.  The criminal investigation in this case took place in 2006.  Compl. at ¶ 72; *see also People v. Gakuba*, 2017 WL 1278078 (Ill. App. Ct. Mar. 31, 2017).  The Court takes judicial notice under FED. R. EVID. 201(b) that none of the Defendants held their current positions at that time.  James became the Attorney General of New York in 2019, after her election in 2018.  *See* https://ag.ny.gov/about/meet-letitia-james.  The same is true regarding Defendant Raoul.  *See* https://illinoisattorneygeneral.gov/about/biography.  Merrick Garland became the United

---

[3] This Recommendation assumes, solely for present purposes, that Plaintiff could even maintain a *Bivens* action in this context.  Any amendment permitted by the District Court should specifically address how a *Bivens* claim would be permissible on the facts set forth by Plaintiff.

States Attorney General in 2021. *See* https://www.justice.gov/ag/bio/attorney-general-merrick-b-garland.  As a result, "plaintiff fails to allege any facts to support a claim that defendant[s] had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights," *Cohen v. Holder*, 2011 WL 809773, at *2 (E.D.N.Y. Mar. 1, 2011), with respect to the allegation that they "participated in real-time."

The nature of Plaintiff's claim that these Defendants have failed to intervene post-hoc is entirely unclear from the Complaint.

### *2. Official Capacity Claims*

Official capacity claims against Defendants James and Raoul for monetary damages are also subject to dismissal because they are barred by the Eleventh Amendment. *Tripathy v. McKoy*, 103 F.4th 106, 116 (2d Cir. 2024) (citing *Davis v. New York*, 316 F.3d 93, 101-02 (2d Cir. 2002)).  Sovereign immunity likewise bars a claim against Defendant Garland in his official capacity. *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994).

### III. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that the Motion to Supplement the Complaint (Dkt. No. 8) is **GRANTED**; and it is

**RECOMMENDED**, that Plaintiff's Complaint, as supplemented, be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: October 1, 2024
           Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).